UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Synquez Davis, | Case No. 18-cv-1118 (WMW/HB) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| Dollar Tree, Inc., | |
| Defendant. | |

---

Defendant Dollar Tree, Inc., moves to dismiss Plaintiff Synquez Davis's complaint for failure to state a claim on which relief can be granted. (Dkt. 4.) For the reasons addressed below, the motion to dismiss is granted.

## BACKGROUND[1]

Synquez Davis went to the Dollar Tree store in Burnsville, Minnesota, to apply for a job. Before Davis arrived, a physical altercation occurred between Dollar Tree employee Tyler Rousseau, and Grant Hendrickson. Several of Rousseau's coworkers observed the altercation. After the store manager repeatedly ordered Hendrickson to leave the premises, several employees escorted Hendrickson from the store. The Dollar Tree employees neither warned store patrons of any possible danger nor secured the store in the event that Hendrickson returned.

Holding a gun in his hand, Hendrickson returned to the Dollar Tree store. As Davis walked to the front of the store to make a purchase, Hendrickson fired one shot, made eye

---

[1] The events addressed here are alleged in Davis's complaint, and they are accepted as true for the purpose of this motion to dismiss. *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

contact with Davis, and fired a second shot that hit Davis near his knee. Davis fell to the floor. Hendrickson walked away. As Davis attempted to move to safety, Hendrickson approached Davis and shot him in the torso.

Davis subsequently commenced this negligence action against Dollar Tree in Minnesota state court. Dollar Tree removed the case to this Court, asserting diversity jurisdiction.

## ANALYSIS

A complaint must allege facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim that fails to meet this pleading standard warrants dismissal. Fed. R. Civ. P. 12(b)(6). When evaluating the sufficiency of a claim, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

In an action invoking a district court's diversity jurisdiction, state substantive law applies. *Gylten v. Swalboski*, 246 F.3d 1139, 1141 (8th Cir. 2001). A negligence claim under Minnesota law has four elements: (1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) proximate causation arising from the breach. *Engler v. Ill. Farmers Ins. Co.*, 706 N.W.2d 764, 767 (Minn. 2005). The Court addresses in turn each of Davis's three negligence claims.

### I. Vicarious-Liability Claim (Count I)

Count I alleges that Dollar Tree is vicariously liable for the negligent acts of its employees. According to the complaint, Dollar Tree's employees, including Rousseau and

his manager, "took no action" to alert customers to any potential danger or to secure the store in case Hendrickson returned. This failure to act, Davis contends, breached the duty of Dollar Tree employees to "take reasonable care in [their] interactions with [store customers] to ensure that the premises were reasonably safe."

Under Minnesota law, an employer may be either directly liable or vicariously liable for the actions of its employees. *See Yunker v. Honeywell, Inc.*, 496 N.W.2d 419, 422 (Minn. Ct. App. 1993) (contrasting direct liability with vicarious liability). An employer is vicariously liable for an employee's negligent act if that act occurs within "the course and scope of employment." *Hentges v. Thomford*, 569 N.W.2d 424, 427 (Minn. Ct. App. 1997) (citing *Edgewater Motels, Inc. v. Gatzke*, 277 N.W.2d 11, 15 (Minn. 1979)).

A threshold determination when assessing a vicarious-liability claim is whether the employees owed the plaintiff a duty of care, absent which any negligence claim fails. *Domagala v. Rolland*, 805 N.W.2d 14, 22 (Minn. 2011). Here, Davis alleges that the employees had a duty to take reasonable care to ensure the safety of store patrons, including himself. Davis alleges that the employees breached that duty by failing to warn store patrons of danger, lock doors to prevent Hendrickson from re-entering the store, or intervene in the altercation between Rousseau and Hendrickson before it escalated.

Generally, a person does not have a duty to warn against or protect others from harm caused by third-party conduct, *id.* at 22-23 (discussing the "duty to warn"); *Bjerke v. Johnson*, 742 N.W.2d 660, 665 (Minn. 2007) (discussing the "duty to protect" against harm caused by a third party), but such a duty may arise in specific circumstances.

When a "special relationship" exists between a person and the plaintiff and the harm to the plaintiff is foreseeable, that person may have a "*specific* duty" to warn or protect. *Domagala*, 805 N.W.2d at 22-23 (emphasis added). A special relationship may exist when a person, entrusted with another's safety, is in a position to protect and is expected to protect the other from certain harms. *Errico v. Southland Corp.*, 509 N.W.2d 585, 587 (Minn. Ct. App. 1993). A special relationship may arise either from the status of the parties, such as parents and children, or in situations when one person has "custody of another person under circumstances in which that other person is deprived of normal opportunities of self-protection." *Bjerke*, 742 N.W.2d at 665 (internal quotation marks omitted). In the absence of a special relationship, a person may also owe a duty to warn or protect arising from a "general duty of reasonable care" if that person's conduct creates a foreseeable risk of harm to a foreseeable plaintiff. *Domagala*, 805 N.W.2d at 24-26.

Davis has not alleged a special relationship between himself and any Dollar Tree employee. Thus, whether any employee had a duty to warn Davis of harm or protect him from Hendrickson's conduct depends on whether any employee's own conduct created a foreseeable risk of harm to Davis. The only employee whose conduct arguably created a foreseeable risk of injury to Davis is Tyler Rousseau. Davis's complaint alleges Rousseau instigated a violent altercation with Hendrickson, after which Hendrickson returned to the store with a gun. This allegation is sufficient to raise an issue of fact as to whether Rousseau was negligent towards Davis.

But, even if Rousseau created a foreseeable risk of injury to Davis, Dollar Tree is liable only if Rousseau was acting in the course and scope of his employment. This

4

determination—whether Rousseau committed negligent acts within the scope of his employment—depends on several relevant factors, including whether the conduct was in furtherance of the employer's interests, the employee was authorized to perform the conduct, the conduct occurred substantially within authorized time and space restrictions, and the employer should reasonably have foreseen the conduct. *Snilsberg v. Lake Washington Club*, 614 N.W.2d 738, 745 (Minn. Ct. App. 2000) (citing *Hentges*, 569 N.W.2d at 427-28). There is no "hard and fast rule . . . to resolve the 'scope of employment' inquiry." *Edgewater*, 277 N.W.2d at 15. Because this determination depends on the facts, whether an allegedly negligent act occurs within the scope of employment ordinarily is a question of fact for the jury. *Snilsberg*, 614 N.W.2d at 745. But when either the evidence is undisputed or there is no evidence that supports a necessary element, the Court may resolve the scope-of-employment issue as a matter of law. *Id.*

No facts alleged in Davis's complaint demonstrate that Rousseau was acting in the course and scope of his employment when engaged in the alleged conduct that may have created the risk of harm to Davis. Rousseau's fight with Hendrickson was not in the scope of his employment, nor were any of his actions after the fight. Likewise, no aspect of Davis's complaint supports a determination that Rousseau was acting in furtherance of his employer's interests, that he was to authorized act in this manner, or that his conduct was reasonably foreseeable by Dollar Tree.

In sum, because the acts alleged in Davis's complaint do not establish that the Dollar Tree employees were either negligent in their conduct or acting in the course and scope of

employment when they created a risk of foreseeable harm to Davis, the complaint fails to state a vicarious-liability claim against Dollar Tree.

**II.     Claim of Negligence in Developing Security Measures (Count II)**

Dollar Tree also moves to dismiss Count II, which alleges that Dollar Tree breached its duty of care by failing to develop security protocols to protect its customers from harm caused by "a person with dangerous propensities entering the store." To state a claim of negligence,[2] Davis must establish that Dollar Tree owed Davis a duty of care—that is, either a specific duty to warn or protect based on a special relationship, or a general duty to act with reasonable care. Because a merchant-customer relationship does not create a specific duty to warn or protect, *Erickson v. Curtis Inv. Co.*, 447 N.W.2d 165, 168 (Minn. 1989), Davis's claim is founded on Dollar Tree's general duty to act with reasonable care.[3]

Although a person who creates a foreseeable risk of injury to another may owe a duty to warn or protect that party from the risk, if "the connection between the danger and the alleged negligent act is too remote to impose liability as a matter of public policy," no such duty exists. *Domagala*, 805 N.W.2d at 27 (internal quotation marks omitted). Moreover, "the specific danger" created must be "objectively reasonable to expect," not

---

[2]     "Negligence in developing security measures" is not a cognizable cause of action under Minnesota law. Therefore, the Court analyzes these claims under a general negligence framework.

[3]     Davis's argument that Dollar Tree had a duty to protect him from harm appears to refer, at least in part, to a premises-liability theory of negligence. But Dollar Tree's duty to maintain its premises in a safe condition does not extend to the criminal conduct of a third party. *See Sulik v. Total Petroleum, Inc.*, 847 F. Supp. 747, 752 (D. Minn. 1994) (citing *Pietila v. Congdon*, 362 N.W.2d 328, 332-33 (Minn. 1985)).

6

simply "within the realm of any conceivable possibility." *Whiteford ex rel. Whiteford v. Yamaha Motor Corp., U.S.A.*, 582 N.W.2d 916, 918 (Minn. 1998).

Here, the connection between Dollar Tree's alleged failure to develop security measures and Davis's injury is too remote, and the specific danger that led to Davis's injury—Hendrickson entering the store and shooting Davis—was not objectively reasonable for Dollar Tree to expect. Because nothing in Davis's complaint demonstrates that Dollar Tree owed Davis a duty of care, Davis fails to state a general negligence claim against Dollar Tree for failure to develop security measures.

### III. Claims of Negligent Supervision, Hiring, and Retention (Count III)

Davis alleges that Dollar Tree was negligent in the supervision, hiring, and retention of its employees. Negligent supervision, hiring, and retention are three distinct claims under Minnesota law. *See Yunker*, 496 N.W.2d at 422. Negligent supervision, a form of vicarious liability, "derives from the respondeat superior doctrine." *Id.* As such, the employee's allegedly negligent act must be committed in the scope of employment. *See Oslin v. State*, 543 N.W.2d 408, 414 (Minn. Ct. App. 1996). Davis has not alleged that any of Dollar Tree's employees acted negligently while in the course and scope of their employment, *see supra* Part I. For this reason, Davis fails to state a claim for negligent supervision.

Negligent hiring and negligent retention impose direct—as opposed to vicarious—liability on an employer for an employee's actions. *Yunker*, 496 N.W.2d at 422. Both theories of liability arise from the "risks created by exposing members of the public to a potentially dangerous individual." *Id.* An employer is liable for its employee's *intentional*

7

*tort*, which almost invariably is outside the scope of employment, when the employer knew or should have known that its employee was "violent or aggressive and might engage in injurious conduct." *Id.*

Davis has not alleged that any Dollar Tree employee committed intentional torts that led to Davis's injury. And the complaint includes no facts that support the conclusion that Dollar Tree knew or should have known that any employee was violent or might engage in violence. As such, Davis's complaint fails to state a claim for negligent hiring or retention. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating that a complaint must contain "enough facts to state a claim to relief that is plausible on its face").

In summary, because Davis has not stated a claim against Dollar Tree for negligent supervision, negligent hiring, or negligent retention, dismissal is warranted.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Dollar Tree, Inc.'s motion to dismiss for failure to state a claim, (Dkt. 4), is **GRANTED** and Plaintiff Synquez Davis's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 11, 2019                                  s/Wilhelmina M. Wright
                                                                            Wilhelmina M. Wright
                                                                            United States District Judge